# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROSA MAYHUE, | Civil Action No.: 11-6955 (JLL) |
|       Plaintiff, | |
| v. | |
| CORE EDUCATION & CONSULTING | **OPINION** |
| SOLUTIONS, INC., | |
|       Defendant. | |

LINARES, District Judge:

## INTRODUCTION

*Pro se* Plaintiff, Rosa Mayhue (hereafter "Plaintiff" or "Mayhue"), seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. Based upon her affidavit of poverty, the Court finds that Plaintiff qualifies for non-prisoner *in forma pauperis*. 28 U.S.C. § 1915(a). Having thoroughly reviewed Plaintiff's allegations, the Court concludes that dismissal of the Complaint, without prejudice, is required by 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

## BACKGROUND

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 for wrongful termination allegedly due to discrimination based on Plaintiff's age, gender, race, and national origin, as well as retaliation. (Compl. ¶¶ 1, 9-10). At the outset, the Court notes that Plaintiff's Complaint does not contain any factual allegations. From the Exhibits annexed to the Complaint and a supplemental filing by Plaintiff, the Court ascertained the following.

On April 12, 2011, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  (Compl. Ex. 1).  In the charge of discrimination, Plaintiff stated as follows: "I believe I was discriminated against because of my sex ([f]emale), race (Black), national origin (non-Cuban), age (53) and in retaliation of my complaints by being subjected to demotion, equal wages and discharge, in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII) and the Age Discrimination in Employment Act of 1967, as amended (ADEA)." Id.  The EEOC issued a notice of right to sue dated November 9, 2011.  Id.

Plaintiff provides the following facts in the charge of discrimination. Plaintiff alleges that she was hired by Defendant as a Project Coordinator in September 2006 and that she was promoted on February 7, 2011 to the position of Online Production Manager. (Id.).  She alleges that her salary "was less than that of Alex Ramos (H/Cuban/non-Black), who held the same position (for only three weeks)." Id.

On an unspecified date, Mayhue allegedly complained to her Manager, Augustin Fernandez, whom she described as "(H/Cuban/non-Black)," about "the pay deficit to the annual salary of about $18,000.00." Id.  She also alleges that "[o]n February 15, 2011, while addressing my complaints about Mr. Fernandez and his manner of causing the female workers to cry and my wages, Mr. Fernandez stated, 'You [sic] will not keep that promotion!'" Id.  She additionally alleges that she was demoted and stripped of certain responsibilities so that "[o]rders and instructions to workers were no longer passed through [her]." Id.  Plaintiff allegedly complained to "higher management" and, on February 21, 2011, a conference call was allegedly conducted with "management onsite and at headquarters." Id.

On March 15, 2011, Mayhue was allegedly discharged and informed that her position had been eliminated. Id. Plaintiff additionally provides that "three weeks prior, this employer hired many younger workers of which about seven were hired to my former department. They are in their 20s." Id. However, Plaintiff does not specify whether this department is the same one in which she worked prior to her promotion, thereafter, or both. Nor does she specify if the additional employees were hired to the department as a whole or to the same position previously held by Mayhue, which was allegedly eliminated.

Additionally, Ms. Mayhue submitted a letter and supplemental filing to the Court including an addendum to her Complaint on December 23, 2011, in which she noted the following facts. (CM/ECF No. 2). In October of 2010, Plaintiff was allegedly offered the position of Traffic Manager, contingent upon training one of the younger employees to fill her position at the time. (CM/ECF No. 2). Another employee, Alex Ramos, was allegedly terminated as manager of On Line Production. Id. Plaintiff alleges that Mr. Fernandez told other employees that Ramos' position was eliminated in order to not tarnish him. Id. However, as a result of the new opening, Plaintiff alleges that Fernandez "forced" her to take the Online Production Manager position "because he needed someone who 'understood the work flow' and 'to manage the new young hires.'" Id. Also, Fernandez allegedly promised Plaintiff a raise but reneged. Id.

Plaintiff additionally recounts an alleged pay discrepancy, as follows: "Elizabeth Ayala, Hispanic woman, who was hired 2 years after I was, and doing the exact same job, was earning $28.00 an hour, while I was earning only $19.00 an hour. During the last 4 months of my employment I was finally earning $25.00, but everyone received a raise. However, I'm unaware what Elizabeth was earning when she was terminated." Id.

**LEGAL STANDARD**

28 U.S.C. § 1915(a) permits an individual to bring an action without prepayment of fees if she establishes, by affidavit, that she is unable to pay. The court may dismiss the action at any time if it finds that, among other things, the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Courts must be mindful to construe a pro se plaintiff's complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). In doing so, courts hold *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). The court must apply the applicable law "irrespective of whether the *pro se* litigant has mentioned it by name." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In determining the complaint's sufficiency, the Court must "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). However, a court need not credit "bald assertions" or "legal conclusions." Id. Despite this less stringent standard, pro se complainants are still held to the pleading requirements of the Federal Rules of Civil Procedure. Byrne v. Cleveland Clinic, 684 F. Supp. 2d 641, 648 (E.D.Pa. 2010).

Under Federal Rule of Civil Procedure Rule 8(a), a complaint must set forth: 1) "a short and plain statement of the grounds for the court's jurisdiction"; 2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and 3) a demand for the relief sought. Fed. R. Civ. P. 8(a). A plaintiff must plead plausible, factual content that enables the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. See

4

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  To be plausible, a complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." Id.  Courts are not bound, however, to "accept as true legal conclusion[s] couched as . . . factual allegation[s]." Id. at 1950.

## ANALYSIS

Plaintiff's federal filings, as they stand now, fail to set forth sufficient plausible factual allegations to support a claim which could entitle her to relief.  Plaintiff's claims of retaliation and age, gender, race, and national origin discrimination are plead in conclusory terms, and are accompanied by no supporting facts.  As the Supreme Court noted in Iqbal, "legal conclusions can provide the framework of a complaint [but] they must be supported by factual allegations." Id. at 1950.  While Plaintiff's supplemental filing contains factual allegations that purport to indicate wrongdoing by Defendants, she does not provide enough facts to determine whether it is plausible that age, gender, race, or national origin played a role in Defendant's decision to terminate her.

### A.  Title VII and ADEA Discrimination

In order to be successful on a claim of discrimination or wrongful termination under Title VII or the ADEA a plaintiff must show: "(1) they are a member of a protected class; (2) they were qualified for the position held; (3) they suffered an adverse employment action; and (4) under circumstances that give rise to an inference of unlawful discrimination." Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410-11 (3d. Cir 1999); Abramson v. William Paterson Coll., 260 F.3d 265, 281-82 (3d. Cir. 2001) (explaining the standard for a wrongful termination claim based upon religion and noting that it mirrors the standard for race or sex discrimination); see

McDonnell Douglas v. Green, 411 U.S. 792, 802 (1973) (setting forth general requirements for a

Title VII claim but clarifying that such depend on the facts of the given case); Sarullo v. U.S.

Postal Serv., 352 F.3d 789, 798 (noting that ADEA and Title VII analytical framework are the

same). Therefore, in order to state a claim for unlawful discrimination or wrongful termination,

Plaintiff must plead all of these elements. As detailed below, Mayhue's EEOC charge and

supplemental filing provide sufficient information to satisfy the first and third requirements, but

not the second or fourth.

    First, as indicated by the EEOC charge, Plaintiff is a member of a protected class on the

basis of race, age, and gender. McDonnell Douglas v. Green, 411 U.S. at 802 (holding race is a

protected class); see also Sarullo, 352 F.3d at 797 (persons over the age of 40 are members of a

protected class); Andrews v. City of Phila., 895 F. 2d 1469 (3d Cir. 1990) (gender is a protected

class and gender discrimination is prohibited under Title VII).

    Regarding the third element, an adverse employment action is "a significant change in

employment status such as hiring, firing, failing to promote, reassignment with significantly

different responsibilities or a decision causing a significant change in benefits." Burlington

Indus. Inc. v. Ellerth, 524 U.S. 724, 761 (1998). Plaintiff's alleged termination constitutes an

adverse action in the present case.

    As to the second element, courts must rely on objective factors to determine whether an

applicant is qualified for a position. Sempier v. Johnson & Higgins, 45 F.3d 724, 729 (3d Cir.

1995). Here, other than indicating that she received a promotion, Plaintiff does not provide any

information as to her objective qualifications for the position held. (CM/ECF No. 2).

    Finally, an inference of discrimination may be drawn in any number of ways, but must

entail "evidence adequate to create an inference that an employment decision was based on an

illegal discriminatory criterion." <u>Pivirotto v. Innovative Sys., Inc.</u>, 191 F.3d 344, 356 (3d Cir. 1999) (quoting <u>O'Connor v. Consol. Coin Caterers Corp.</u>, 517 U.S. 308, 312 (1996)). As explained below, Plaintiff fails to allege facts sufficient to permit the Court to draw an inference of discrimination.

As to her claim of discrimination based on race, Ms. Mayhue merely lists her own race and that of her supervisor Mr. Fernandez. (Compl. Ex. 1). The Third Circuit held, however, that the fact that a manager or supervisor is of a different race than the employee who suffered an adverse employment action is insufficient in and of itself to permit an inference of discrimination. <u>Coulton v. Univ. of Pa.</u>, 237 Fed. Appx. 741, 747 (3d Cir. 2007).

Plaintiff also points to two statements made by her boss, Mr. Fernandez. The first was that "Hispanics are racist." (CM/ECF No. 2). The other, made on a different occasion approximately one month before she was terminated, was that he allegedly told Plaintiff "[y]ou will not keep that promotion." (Compl. Ex. 1). However, Plaintiff does not provide facts sufficient to permit an inference of discrimination against her, such as any instances where a derogatory or otherwise negative statement was directed to her on the basis of her own race. Further, "stray remarks by non-decision makers or by decision makers unrelated to the decision process are rarely given great weight, particularly if they were made temporally remote from the date of decision." <u>Pivirotto v. Innovative Sys., Inc.</u>, 191 F.3d 344, 359 (3d Cir. 1999) (quoting <u>Ezold v. Wolf, Block, Schorr & Solis-Cohen</u>, 983 F.2d 509, 545 (3d Cir. 1992)). Plaintiff does not provide sufficient factual allegations to associate these statements with racial, gender, or age related unlawful discrimination. Nor does she provide facts alleging that Mr. Fernandez was involved in Defendant's decision to dismiss her.

7

Finally, Plaintiff's observation that the Defendant hired a number of "20 some-things [sic]" within her department a few weeks before she was terminated is not sufficient to permit an inference of age discrimination in and of itself. (Compl. Ex. 1). The Court will permit an inference of age related discrimination if a younger employee replaces the plaintiff, the plaintiff is subject to age related criticism, or age is discussed as a hiring criterion when replacing plaintiff. Schnabel v. Abramson, 232 F.3d 83, 88 (2d Cir. 2000). The stated facts do not allege any of these scenarios; rather, the facts as alleged merely state younger employees were hired shortly before her termination. (Compl. Ex. 1).

Therefore, Plaintiff's discrimination and wrongful termination claims are dismissed without prejudice. Should Plaintiff choose to amend, to the extent possible, she should include all facts related to the alleged discrimination on the basis of race, gender, and age, which would permit an inference of discrimination.

## B.  Retaliation

A retaliation claim under Title VII requires a showing that: "(1) [plaintiff] engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between [plaintiff's] participation in the protected activity and the adverse employment action." Moore v. City of Phila., 461 F.3d 331, 340-41 (3d Cir. 2006) (quoting Nelson v. Upsala Coll., 51 F.3d 383, 386 (3d Cir. 1995)); LeBoon v. Lancaster Jewish Comty. Ctr. Ass'n., 503 F.3d 217, 232 (3d. Cir. 2007).

As to the protected activity element, "Title VII protects those who participate in certain Title VII proceedings (the 'participation clause') and those who oppose discrimination made unlawful by Title VII (the 'opposition clause')." Moore, 461 F.3d at 341. As to the causal

connection, generally it is sufficient that the temporal proximity between the protected activity and the adverse action is "unusually suggestive." LeBoon, 503 F.3d at 233; Thomas v. Town of Hammonton, 351 F.3d 108, 114 (3d Cir. 2003) (finding three weeks between a complaint and termination letter insufficient). Where, however, the temporal proximity is not "unusually suggestive," the Court looks at the totality of the circumstances to determine whether such is sufficient. LeBoon, 503 F.3d at 232. "Among the kinds of evidence that a plaintiff can proffer are intervening antagonism or retaliatory animus, inconsistencies in the employer's articulated reasons for terminating the employee, or any other evidence in the record sufficient to support the inference of retaliatory animus." Id. at 233.

Here, Plaintiff's EEOC charge alleges that approximately one month before her termination, Mr. Fernandez stated, "You will not keep that promotion" during a conversation related to certain complaints. As discussed above, Plaintiff's Complaint will be dismissed without prejudice for failure to comply with Federal Rule of Civil Procedure 8(a). Should Plaintiff choose to amend, she should include all allegations related to her retaliation claim in her Amended Complaint.

### C. Equal Pay Act

Although the Equal Pay Act ("EPA") is not expressly mentioned by Plaintiff, the Court addresses same as it is required to liberally construe the Complaint at bar. To prove a violation of the EPA, a plaintiff must show that "employees of the opposite sex were paid differently for performing 'equal work' - work of substantially equal skill, effort and responsibility, under similar working conditions." Stanziale v. Jargowsky, 200 F.3d 101, 107 (3d Cir. 2000).

performing 'equal work' - work of substantially equal skill, effort and responsibility, under similar working conditions." <u>Stanziale v. Jargowsky</u>, 200 F.3d 101, 107 (3d Cir. 2000).

Plaintiff's Complaint and supplemental filing fail to sufficiently allege a claim. The supplemental filing includes information about another woman, Elizabeth Ayala, who was making considerably more than Mayhue. Additionally, Plaintiff asserts in the EEOC charge that she and Mr. Ramos held the same position with Core, Online Production Manager, but her salary was less. (Compl. Ex. 1). However, Plaintiff does not set forth facts as to their respective responsibilities nor does she describe the type of work that she and Mr. Ramos performed. As noted above, Plaintiff must allege that their work entailed largely similar skill, effort, and responsibility. <u>Stanziale</u>, 200 F. 3d at 107. Therefore, the Equal Pay Act claim by the Plaintiff will be dismissed with leave to amend.

## CONCLUSION

Even affording a liberal reading on account of Plaintiff's *pro se* status, Plaintiff's Complaint cannot be construed as supplying facts in support of a claim which could plausibly entitle her to relief. Therefore the Court dismisses Plaintiff's Complaint for failure to state a claim on which relief may be granted, as required by § 1915(e)(2)(B). The Court does so without prejudice to the filing of an amended complaint in accordance with this Opinion within 30 days.

An appropriate Order accompanies this Opinion.

Dated: May 31, 2012

Jose L. Linares
United States District Judge